UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

—————————————————————————
                                          )
INTEX RECREATION CORP.,                   )
                                          )
                 Plaintiff,               )
                                          )
        v.                                )        Civil Action No. 04-1785 (PLF)
                                          )
TEAM WORLDWIDE CORP.,                     )
                                          )
                 Defendant.               )
—————————————————————————)


<u>MEMORANDUM OPINION</u>

        This patent infringement case is before the Court on defendant's motion to dismiss the third claim for relief in plaintiff's complaint and on defendant's motion to strike plaintiff's second affirmative defense to defendant's counterclaim.  The claim and affirmative defense both assert inequitable conduct in defendant's application for a patent.  Upon consideration of the arguments of the parties, the Court grants defendant's motion to strike and its motion to dismiss.


I.  BACKGROUND

        On October 15, 2004, plaintiff Intex Recreation Corporation ("Intex") filed a declaratory judgment action against defendant Team Worldwide Corporation ("TWC"), owner of United States Patent No. 6,703,469 B2 (the "'469 patent"), describing an inflatable air mattress and pump.  An amended complaint followed on November 24, 2005.  The amended complaint seeks a declaration of Intex's non-infringement of the '469 patent, a declaration of the '469 patent's invalidity under 35 U.S.C. §§ 102 and 103, and a declaration of the '469 patent's

invalidity on the basis of inequitable conduct in defendant's prosecution of its application for that patent.[1]

The amended complaint alleges two instances of inequitable conduct.  First, it states that TWC "willfully or with gross negligence during the prosecution of the application that became the '469 Patent failed to disclose to the United States Patent and Trademark Office ("PTO") material prior art, including United States Patent No. 5,367,726 relating to a pneumatic support system, which misled the PTO."  Am. Compl. ¶ 17.  Second, the complaint alleges that TWC "submitted false information to the PTO as to TWC's qualification as a small entity with the intent to mislead the PTO."  Id. ¶ 18.[2]

On January 19, 2005, TWC filed a motion to dismiss plaintiff's claims of inequitable conduct under Rules 9(b) and 12(b)(6) of the Federal Rules of Civil Procedure.  On the same day TWC also filed its answer and a counterclaim for infringement of the '469 patent.  On February 7, plaintiff filed an answer to the counterclaim, asserting an affirmative defense of unenforceability of the '469 patent "as a result of TWC's inequitable conduct."  Answer of Counterclaim Defendant Intex Recreation Corp. to Counterclaim ¶ 13.  On February 28, 2005, TWC filed a motion to strike that affirmative defense on the same grounds it had asserted in its motion to dismiss – legal insufficiency and failure to plead with particularity.

---

[1]	In briefing on the motion to dismiss, Intex acknowledges that while a patent may be declared *unenforceable* on the basis of inequitable conduct, such conduct when proven does not render a patent *invalid*.  See Opposition of Plaintiff Intex Recreation Corp. to Motion to Dismiss the Third Claim for Relief ("Opp. Mot. Dism.") at 2 & n.1.

[2]	So-called "small entities" are entitled to substantial discounts on the fees imposed by PTO rules and the Patent Act.  See 35 U.S.C. § 41(h); 4-11 CHISUM ON PATENTS § 11.02[1][d].

## II.  DISCUSSION

### A.  Standard of Review

A motion to dismiss for failure to state a claim should not be granted unless it appears beyond doubt that plaintiff can demonstrate no set of facts that supports its claim entitling it to relief.  See Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Sparrow v. United Air Lines, Inc., 216 F.3d 1111, 1117 (D.C. Cir. 2000).  In evaluating the motion to dismiss, the Court must accept the factual allegations in the complaint as true and draw all reasonable inferences in favor of plaintiff.  See Harris v. Ladner, 127 F.3d 1121, 1123 (D.C. Cir. 1997).  While the complaint is to be construed liberally, the Court need not accept factual inferences drawn by plaintiff if those inferences are not supported by facts alleged in the complaint, nor must the Court accept the plaintiff's legal conclusions.  See National Treasury Employees Union v. United States, 101 F.3d 1423, 1430 (D.C. Cir. 1996);  Kowal v. MCI Communication Corp., 16 F.3d 1271, 1276 (D.C. Cir. 1994).

Rule 9(b) of the Federal Rules of Civil Procedure requires that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity."  Defendant argues (and plaintiff does not dispute) that Rule 9(b) requires claims of inequitable conduct, like claims of fraud, to be pled with particularity.  See Memorandum in Support of Motion by Team Worldwide Corporation to Dismiss the Third Claim for Relief of the First Amended Complaint for Declaratory Relief and Patent Invalidity of Plaintiff Intex Worldwide Corporation ("Mot. Dism.") at 5-6; Opp. Mot. Dism. at 1.  Although it has never held squarely that Rule 9(b) applies to inequitable conduct claims, the Federal Circuit has suggested in dicta that this requirement is appropriate.  See Ferguson Beauregard/Logic Controls v. Mega

3

Sys., 350 F.3d 1327, 1344 (Fed. Cir. 2003) ("in contrast to the willfulness claim discussed above,

inequitable conduct, while a broader concept than fraud, must be pled with particularity").  Most

other federal courts to have considered the issue have required inequitable conduct claims to be

pled with particularity.  See, e.g., Magarl v. Lawler Mfg. Co., 2004 U.S. Dist. LEXIS 24283, at

*34 (S.D. Ind. 2004); MedImmune, Inc. v. Centocor, Inc., 271 F. Supp. 2d 762, 772 (D.Md.

2003); Agere Sys. Guardian Corp. v. Proxim, Inc., 190 F. Supp. 2d 726, 733-43 (D. Del. 2002);

Systemation, Inc. v. Engel Indus. Inc., 183 F.R.D. 49, 51 (D. Mass. 1998).  This Court agrees.

        The particularity requirement of Rule 9(b) demands that the pleader specify what

statements were made and in what context, when they were made, who made them, and the

manner in which the statements were misleading.  See Firestone v. Firestone, 76 F.3d 1205, 1211

(D.C. Cir. 1996) (plaintiff must state the "time, place and content of the false misrepresentations,

the fact misrepresented and what was retained or given up as a consequence of the fraud");

Kowal v. MCI Communications Corp., 16 F.3d 1271, 1277-78 (D.C. Cir. 1994) (same); In re

Newbridge Networks Securities Litigation, 767 F. Supp. 275, 282 (D.D.C. 1991); 5 CHARLES

ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1297 (1994).

"Malice, intent, knowledge," or other conditions of mind, however, may be averred generally.

FED.R. CIV.P. 9(b)

        Under Rule 12(f) of the Federal Rules of Civil Procedure, the court may strike

from a pleading "any insufficient defense or any redundant, immaterial, impertinent, or

scandalous matter."  A court has "liberal discretion" to strike such filings as it deems appropriate.

Stanbury Law Firm v. IRS, 221 F.3d 1059, 1063 (8th Cir. 2000); Pigford v. Veneman, 215

F.R.D. 2, 4 (D.D.C. 2003); see 2 MOORE'S FEDERAL PRACTICE § 12.37[1] at 12-93 to 12-94 (3d

ed. 2002).  Although striking pleadings is generally disfavored as an extreme remedy, a motion to strike a defense as insufficient "should be granted where it is clear that the affirmative defense is irrelevant and frivolous and its removal from the case would avoid wasting unnecessary time and money litigating the invalid defense."  Ass'n of Am. Med. Colleges v. Princeton Review, Inc., 332 F. Supp. 2d 11, 22 (D.D.C. 2004) (quoting SEC v. Gulf & W. Indus., Inc., 502 F. Supp. 343, 345 (D.D.C. 1980)); see also Yurman Design, Inc. v. Chaindom Enters., Inc., 2002 WL 31358991, at *2-*3 (S.D.N.Y. 2002) (affirmative defenses alleging fraud stricken for failure to plead with requisite particularity); Environ Prods., Inc. v. Total Containment, Inc., 951 F.Supp. 57, 61-62 (E.D.Pa. 1996) ("Grant of a motion to strike is appropriate when there are no circumstances under which a defense could succeed.").

### B.  Plaintiff's Inequitable Conduct Claims

To support a determination that a patent applicant engaged in inequitable conduct, a party must show by clear and convincing evidence that the applicant breached its duty "to prosecute patent applications 'with candor, good faith, and honesty,'" and that it did so "with an intent to deceive or mislead the PTO."  Bristol-Myers Squibb Co. v. Rhone-Poulenc Rorer, Inc., 326 F.3d 1226, 1233 (Fed. Cir. 2003).  Upon finding such facts to be established, the court "weighs the findings and their premises" and makes a discretionary determination whether to hold the patent unenforceable.  ATD Corp. v. Lydall, Inc., 159 F.3d 534, 547 (Fed. Cir. 1998).

Plaintiff's first claim of inequitable conduct relies on the allegation that TWC "submitted false information to the PTO as to TWC's qualification as a small entity with the intent to mislead the PTO."  Am. Compl ¶ 18.  This allegation is insufficient to satisfy the

5

requirements of Rule 9(b).  Plaintiff states neither the "time, place, [nor] contents" of the alleged

misrepresentation, nor the way in which it was misleading to the PTO.  See Firestone v.

Firestone, 76 F.3d at 1211.  Accordingly, its claim for inequitable conduct based on this

allegation must be dismissed, and its affirmative defense on the same ground is legally

insufficient and will be stricken.

Plaintiff's second claim of inequitable conduct, however, is stated with enough

particularity to satisfy Rule 9(b).  The Amended Complaint alleges that TWC "willfully or with

gross negligence during the prosecution of the application that became the '469 Patent failed to

disclose to the United States Patent and Trademark Office ("PTO") material prior art, including

United States Patent No. 5,367,726 [(the "'726 patent")] relating to a pneumatic support system,

which misled the PTO."  Am. Compl. ¶ 17.  This allegation adequately describes the nature of

the alleged misrepresentation (failing to disclose a particular patent), the operative time and place

(in TWC's application to the PTO), and, at least in general terms, the perpetrator of the

misrepresentation (the individuals who signed and submitted the patent application on TWC's

behalf).[3]

TWC also argues, however, that an inequitable conduct claim based on

nondisclosure of this patent must fail as a matter of law.  See Mot. Dism. at 7-10.  Defendant

states that although the '726 patent was not disclosed in the application for the '469 patent, it was

disclosed to (and already had been considered by) the PTO in connection with the application for

---

[3]      Plaintiff meets the particularity requirement of Rule 9(b) with regard to its
allegation that defendant inequitably failed to disclose the '726 patent to the PTO.  As to any
other "material prior art" undisclosed by defendant, however, plaintiff has failed to plead with
particularity any allegation of inequitable conduct because it has not specified the content of any
other alleged misrepresentation.

the '469 patent's "parent" patent, United States Patent No. 6,332,760 (the "'760 patent").[4]

Accordingly, defendant argues, it had no duty to disclose the '726 patent in the '469 patent

application, and thus as a matter of law could not have violated its duty of candor to the PTO.

See Mot. Dism. at 8-9.

In ATD Corp. v. Lydall, Inc., 159 F.3d at 547, the Federal Circuit held that "it can

not be inequitable conduct for an applicant not to resubmit, in [a] divisional application, the

information that was cited or submitted in the parent application."  In so holding, the court relied

on Section 609 of the 1992 Manual of Patent Examining Procedure ("M.P.E.P."), which called

upon a patent examiner considering an application to

> consider information cited or submitted to the Office in a parent
> application when examining a continuing application. . . . [A] list
> of the information need not be submitted in the continuing
> application unless applicant desires the information to be printed
> on the patent.

ATD Corp. v. Lydall, Inc., 159 F.3d at 547.  Section 609 of the M.P.E.P. since has been amended

to state:

> Information which has been considered by the Office in the parent
> application of a continued prosecution application . . . will be part
> of the file before the examiner *and need not be resubmitted in the
> continuing application* to have the information considered and
> listed on the patent.

---

[4]     "A person who has filed one application for a patent . . . may file a subsequent or
continuation application.  If the continuation application meets the requirements of continuity of
disclosure, copendency, cross-referencing, and identity of inventorship, it will gain the benefit of
the filing date of the prior application in determining patentability and priority."  4A-13 CHISUM
ON PATENTS § 13.01 (2005 ed.).  The original application in such a sequence of applications is
the "parent"; subsequent applications may be called "children" or even "grandchildren."  Id.
§ 13.03[1].  "Child" patent applications include "continuation," "divisional," and "continuation-
in-part" applications.  Id. § 13.03.

M.P.E.P. § 609 (1998 ed.) ("Minimum Requirements for an Information Disclosure Statement").

In view of this amended provision and of the Federal Circuit's holding in ATD Corp., the Court agrees with defendant's assertion that it had no duty to disclose the '726 patent to the PTO in the application for the '469 patent, because that information already had been disclosed in the application for the '469 patent's parent patent. Accordingly, defendant did not breach its duty of "candor, good faith, and honesty," see Bristol-Myers Squibb Co. v. Rhone-Poulenc Rorer, Inc., 326 F.3d at 1233, and plaintiff's inequitable conduct claim therefore fails as a matter of law.[5] For the same reason, the affirmative defense of inequitable conduct asserted in plaintiff's counterclaim-answer is legally insufficient and will be stricken. See Environ Prods., Inc. v. Total Containment, Inc., 951 F.Supp. at 61-62 (affirmative defense of inequitable conduct stricken for legal insufficiency).

III.  CONCLUSION

Plaintiff's allegation that defendant engaged in inequitable conduct by misleading the PTO as to its qualification as a small entity fails to meet the requirement that such claims be pled with particularity. See FED. R. CIV. P. 9(b); Ferguson Beauregard/Logic Controls v. Mega Sys., 350 F.3d at 1344. Plaintiff's other allegation of inequitable conduct, that TWC withheld specified information from the PTO in the prosecution of its application for the '469 patent, is

---

[5] Plaintiff argues that dismissal of its inequitable conduct claim on this ground is unwarranted because that would require an inappropriate "factual determination that the '726 patent is not material to the patentability of the '469 patent." Opp. Mot. Dism. at 6. The dismissal of this claim, however, does not rely on a finding that the '726 patent is not material. Rather, it relies on the conclusion that in the prosecution of the '469 patent TWC had no duty to disclose the '726 patent, regardless of the its materiality, because TWC had discharged any such duty during its prosecution of the '760 patent.

stated with sufficient particularity but fails as a matter of law because TWC had no duty to disclose that information to the PTO in its application for the '469 patent.  See ATD Corp. v. Lydall, Inc., 159 F.3d at 547.  Accordingly, the Court will dismiss the Third Claim for Relief in plaintiff's Amended Complaint and will strike the Second Affirmative Defense asserted in plaintiff's Answer to defendant's Counterclaim.  See FED.R. Civ.P. 12(b)(6); FED.R. CIV. P. 12(f).  An Order consistent with this Memorandum Opinion shall issue this same day.

SO ORDERED.

/s/_____
PAUL L. FRIEDMAN
United States District Judge

DATE: September 30, 2005