UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| INTEX RECREATION CORP., <br><br> *Plaintiff/Counterclaim-Defendant*, <br><br> v. <br><br> TEAM WORLDWIDE CORPORATION, <br><br> *Defendant/Counterclaim-Plaintiff*. | CASE NO.  1:04 CV 01785 (PLF/DAR) <br> Judge Paul L. Friedman <br> Mag. Judge Deborah A. Robinson |

**Joint Status Report**

Pursuant to the Court's October 9, 2013, Minute Order, Intex Recreation Corp ("Intex") and Team Worldwide Corporation ("TWW") met and conferred regarding how to proceed in this matter given the Court's September 24, 2013, Opinion and Order.  The Parties' respective positions are set forth below.

**I.     Intex's Proposed Schedule**

| Event | Proposed Date |
|---|---|
| Deadline for Intex to provide supplemental interrogatory responses on model numbers of accused products | November 22, 2013 |
| Deadline to file summary judgment | December 12, 2013 |
| Deadline to file opposition to summary judgment | January 10, 2014[1] |
| Deadline to file reply briefs in support of summary judgment | January 31, 2014 |
| Hearing on dispositive motions (at the Court's discretion) | TBD |

---

[1] The Parties have agreed to extend the deadlines set forth in LCvR 7(b) and (d) for filing response and reply briefs.

In its September 24, 2013 Opinion and Order, the Court rejected Magistrate Judge Robinson's construction of "socket" and revised Judge Robinson's construction of "pump body." *See generally* ECF No. 208.  As TWW itself has acknowledged to the Court, the parties do not dispute any relevant facts regarding the accused product, and the case is therefore amenable to summary judgment.  ECF No. 146-1 at 9 ("Where, as is the case here, 'the parties do not dispute any relevant facts regarding the accused product . . . but disagree over possible claim interpretations, the question of literal infringement collapses into claim construction and is amenable to summary judgment.'") (citing *Gen. Mills, Inc. v. Hunt-Wesson, Inc.*, 103 F.3d 978, 983 (Fed. Cir. 1997)).

Furthermore, as both the Court and the Parties have noted in various pleadings, claim construction in this case is likely dispositive of infringement.  *Id.* at 5 (noting that the parties agree that a finding of infringement "likely depends on whether or not this Court concludes that the air mattresses produced by Intex contain a 'pump body' (or its equivalent) that is wholly or partially located in a 'socket,' as those terms are used in the '469 Patent."); *see also* ECF No. 146-1 at 1 (when its proposed constructions of "socket" and "pump body" were adopted by Judge Robinson, TWW stated: "The resolution of claim construction in patent litigation is usually dispositive of infringement."); September 28, 2011 Minute Order Denying TWW's Motion to Strike (noting that the parties acknowledged that "supplemental summary judgment briefing may be necessary if the Court materially revises any of Magistrate Judge Robinson's claim constructions.").

Simply put, based on the Court's constructions of "socket" and "pump body," TWW should stipulate to non-infringement and, if it wishes to continue litigating this matter, do so at the appellate court.  Because TWW will not do so, Intex respectfully submits that this case needs

to be resolved on summary judgment.[2]  Focusing on summary judgment as the next step in this case preserves the Parties' and the Court's resources, and is consistent with the Parties' previous representations to the Court.  It is also a waste of resources to subject the Court and Intex to additional fact and expert discovery fees and costs, pretrial motions and issues, and trial while summary judgment is briefed and decided.  Accordingly, Intex submits that this matter proceed as set forth in the above schedule, and if the Court denies Intex's motion for summary judgment of non-infringement, the Parties will jointly propose a schedule through trial within two weeks after such an Order.  Intex also notes that it is not available for trial during the dates set forth by TWW, below.

## II.  TWW's Proposed Schedule

| Event | Proposed Date |
|---|---|
| Parties complete discovery supplementation | November 22, 2013* |
| Deadline to supplement expert reports | December 12, 2013 |
| Deadline to file summary judgment | December 12, 2013* |
| Deadline to file opposition to summary judgment | January 10, 2014* |
| Deadline to file reply briefs in support of summary judgment | January 31, 2014* |
| Pretrial Conference and Hearing on dispositive motions (at the Court's discretion) | TBD* |
| Trial (4 days) | March 24-April 11[3] (at the Court's discretion) |

* Same as Intex's proposal.

Intex's proposed schedule does not contemplate adequate discovery supplementation or trial, apparently with the view that they should be deferred indefinitely until summary judgment

---

[2] TWW's November 1, 2013 Expert Report does not follow the Court's claim construction or raise any factual issues, and thus, the arguments raised in this report can be resolved on summary judgment.

[3] Counsel for TWW proposes the potential range of March 24 – April 11 in view of scheduling conflicts with another trial in March, and a pre-paid vacation in the second half of April.

3

is resolved.  In contrast, TWW's proposed schedule incorporates Intex's proposal for summary judgment scheduling, and is complete in that it puts this case on a definite course to resolution.

Proceeding as TWW proposes would not unduly burden either party.  The scope of discovery requiring supplementation is narrow,[4] and the expert report supplements would be brief.  In fact, TWW has already served on Intex a supplemental report from its technical expert explaining how the Intex products previously analyzed continue to infringe under the Court's September 24, 2013, claim construction.

TWW's proposal is also equitable, and more than reasonable under the circumstances. Intex initiated this case in 2004, just a few weeks after TWW's patent issued, ostensibly to obtain declaratory relief of non-infringement and invalidity.  Over TWW's objection, Intex then stayed its own case for a reexamination of TWW's patent that Intex initiated in the U.S. Patent & Trademark Office—which eventually confirmed the validity of TWW's patent.  Through this years-long delay and multiple rounds of claim construction briefing and argument, TWW has patiently waited for its day in court.  It is now time for a jury to hear how Intex has infringed TWW's invention, making millions in the process and taking business from its much smaller competitor, TWW.  More than half the life of TWW's patent has passed without TWW being able to enjoy the exclusivity to which it is entitled.  As this case enters its ninth year, all that is required is minimal discovery supplementation which can proceed in parallel with Intex's desire to move for summary judgment, and to prepare for trial.  This case is very narrow in scope,

---

[4] A secondary dispute between the parties concerns the scope of discovery supplementation. Intex proposes that it supplement only the list of accused products, *i.e.*, new products that it has produced within the past three years that would also be considered accused products.  TWW proposes that discovery supplementation, although it need only be narrow, should be complete. To that end, TWW proposes that supplementation also include updated financial information (*e.g.*, sales volumes, revenues, profits) for all accused products since that information was last provided, as well as any other information the parties require to proceed to trial.

involving only one patent, four claims, and simple technology. It can be tried in just four days. The schedule TWW proposes is equitable and would resolve this matter within six months.

Dated:  November 1, 2013                    Respectfully submitted,

    */s/ R. Trevor Carter*
Edward J. Naidich (#481649)
Troy E. Grabow (#475013)
Finnegan, Henderson, Farbow,
  Garrett & Dunner, LLP
901 New York Ave., NW
Washington, DC  20001-4413
Ph:    (202) 408-4000
Fax:   (202) 408-4400
Email: troy.grabow@finnegan.com
       Ed.naidich@finnegan.com

R. Trevor Carter (*pro hac vice*)
Andrew M. McCoy (*pro hac vice*)
Faegre Baker Daniels LLP
300 N. Meridian St., Suite 2700
Indianapolis, IN  46204
Ph:    (317) 237-0300
Fax:   (317) 237-1000
Email: trevor.carter@faegrebd.com
       andrew.mccoy@faegrebd.com

*Counsel for Plaintiff, Intex Recreation Corp.*

AND

    */s/ Andrew R. Kopsidas* (with permission)
Andrew R. Kopsidas (#476237)
Fish & Richardson, P.C.
1425 K Street, NW, Ste 1100
Washington, DC 20005
Ph:    (202) 783-5070
Fax:   (202) 783-2331
Email: ark@fr.com

*Counsel for Defendant,
Team Worldwide Corporation*