UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                                      )
INTEX RECREATION CORPORATION, )
                                                      )
          Plaintiff,            )
                                                      )
    v.                                      )    Civil Action No. 04-1785 (PLF)
                                                      )
TEAM WORLDWIDE CORPORATION, )
                                                      )
          Defendant.            )
_____ )

MEMORANDUM OPINION AND ORDER

Plaintiff Intex Recreation Corporation ("Intex") seeks an award of attorneys' fees, costs, and expenses, pursuant to 35 U.S.C. § 285. That statute authorizes courts to award attorneys' fees in "exceptional cases." Specifically, Intex requests all fees and costs incurred since November 1, 2013 — the date Team Worldwide Corporation ("TWW") insisted on proceeding to summary judgment despite having received an adverse claim construction.[1] TWW maintains that its summary judgment arguments were not meritless and that this case is not the kind "exceptional case" contemplated by the statute. In the alternative, it maintains that it is premature to award attorneys' fees while TWW's appeal is pending. Upon careful consideration

---

[1] In its motion, Intex requests oral argument. See Mot. at 1. The Court has concluded that oral argument would not assist it in resolving the pending motion and therefore, in its discretion, denies Intex's request for oral argument. See LOC. CIV. R. 7(f).

of the parties' arguments, the relevant legal authorities, and the pertinent portions of the record in this case, the Court will grant Intex's motion.[2]

## I.  BACKGROUND

The facts of this case, as relevant here, are straightforward.[3]  TWW and Intex manufacture inflatable air mattresses.  Intex Rec. Corp. v. Team Worldwide Corp. ("Intex I"), Civil Action No. 04-1785 (PLF), 2013 WL 5328372, at *2 (D.D.C. Sept. 24, 2013).  TWW claims Intex's mattresses infringe its United States Patent No. 6,793,469 B2 ("the '469 Patent").  See U.S. Patent No. 6,793,469 B2 (filed December 18, 2000).  That patent describes an air mattress comprised of (1) an inflatable body, (2) a socket built in the inflatable body, (3) an electric pump that includes a pump body and an air outlet, and (4) a battery case.  See '469 Patent col.1 ll.30-35 (Summary of the Invention); id. at col.7 ll.24-35, col.8 ll.24-col.9 ll.60 (Claims).

Among other aspects, Intex's mattresses have open cavities into which the electric pump components are fastened with screws.  Intex Rec. Corp. v. Team Worldwide Corp. ("Intex II"), Civil Action No. 04-1785 (PLF), 2014 WL 906105, at *4.  Substantial disassembly is required to remove the pump compenents from the mattress.  Id.  Therefore, because "a [patent] claim is not infringed unless every element thereof is met in the accused

---

[2]     Relevant papers reviewed by the Court with respect to this matter include:  the joint status report of November 1, 2013 ("Jt. Status Rpt.") [Dkt. No. 209]; Intex's motion for fees, costs, and expenses ("Mot.") [Dkt. No. 230]; Intex's supplemental brief in support of its motion for fees ("Supp. Mot.") [Dkt. No. 234]; TWW's opposition to Intex's motion for fees, costs, and expenses ("Opp.") [Dkt. No. 235]; and Intex's reply in support of its motion for fees, costs, and expenses ("Reply") [Dkt. No. 236].

[3]     For greater detail, see the Court's September 24, 2013 Opinion and Order on claim construction and its March 10, 2014 Opinion on summary judgment.  See Intex Rec. Corp. v. Team Worldwide Corp. ("Intex I"), Civil Action No. 04-1785 (PLF), 2013 WL 5328372 (D.D.C. Sept. 24, 2013); Intex Rec. Corp. v. Team Worldwide Corp. ("Intex II"), Civil Action No. 04-1785 (PLF), 2014 WL 906105 (D.D.C. Mar. 10, 2014).

device," Markman v. Westview Instruments, Inc., 52 F.3d 967, 1000 (Fed. Cir. 1995), whether that cavity constituted a "socket," as that term was used in the '469 patent, was a crucial, and potentially dispositive, question.

TWW argued that "socket," as used in the '469 Patent, meant "an opening or hollow that forms a holder for something." See Jt. Statement of Disp. Claim Terms and Phrases at 3 [Dkt. No. 138]; Def.'s Mot. for Claim Constr. Ex. A at 1 [Dkt. No. 140]. Intex, on the other hand, argued that "socket" meant "a structure that fits and holds onto an inserted part . . . so that the structure and the part are detachably connected to each other." Pl.'s Claim Constr. Br. at 19, 26 [Dkt. No. 141]. Magistrate Judge Robinson adopted TWW's definition, Intex I at *3, but this Court rejected her construction of the term "socket." See id. at *7.

Reviewing Magistrate Judge Robinson's construction *de novo*, this Court first determined that the claim language itself did not compel adoption of one party's construction over the other. Intex I at *8. Looking to the patent's specification and prosecution history, the Court rejected TWW's broad construction. Id. at *9-13. The Court instead adopted Intex's construction and concluded that the term 'socket' is construed as "a structure that fits and holds onto an inserted part, so that the structure and the part are detachably connected to each other," "such as a light bulb socket, or an electric socket." Id. at *7.

After this Court adopted Intex's narrow construction, Intex proposed that TWW stipulate to non-infringement — because the accused mattresses clearly lack a "socket" under the Court's construction — and pursue an immediate appeal. See Jt. Status Rpt. at 2-3 (Intex's Proposed Schedule). Noting that "claim construction in this case is likely dispositive of infringement," the parties notably "d[id] not dispute any relevant facts regarding the accused product," id. at 2, and had agreed that a finding of infringement likely depended on whether the

accused products contained a "pump body" and a "socket," as those terms are used in the '469 patent. Intex I at *2 (citing Def.'s Mem. in Supp. Mot. Claim Constr. and Partial Summary Judgment at 1, 10 [Dkt. No. 102-2]; Pl.'s Obj. to Magistrate Judge's Mar. 28, 2008 Order at 18-19 [Dkt. No. 147]). TWW refused to stipulate. See Jt. Status Rpt. at 3-4 (TWW's Proposed Schedule).

The parties then filed cross-motions for summary judgment. Intex II at *1. But the Court found that TWW's arguments had "fatal problems," id. at *5; "ma[d]e no sense," id. at *6; were "virtually identical" to previously rejected arguments, id. at *7, *11; "directly contradicted . . . the patent specification," id. at *10; and relied on an interpretation of the first embodiment that was "plainly incorrect." Id. at *11. Moreover, TWW relied on an expert opinion that lacked explanation and "rest[ed] on an incorrect claim interpretation." Id. at *9 (internal quotation marks omitted) (citation omitted); see generally id. (regarding lack of analysis for expert's unsupported conclusion). The Court therefore denied TWW's motion for summary judgment and granted Intex's. Id. at *11.

Intex now moves for an award of attorneys' fees, expenses, and costs incurred after TWW refused to stipulate to non-infringement pursuant to 35 U.S.C. § 285. Supp. Mot. at 1. In opposing the motion, TWW argues, among other things, that (1) its arguments were not "exceptionally meritless" because the Court's construction of the term "socket" was ambiguous, Opp. at 8-10; and, in the alternative, that (2) it is premature for the Court to award attorneys' fees in this case because TWW has appealed both this Court's construction of the term "socket" and

its findings of non-infringement. Id. at 10-11.[4] The Court is not persuaded by either argument and will grant Intex's motion.

## II. LEGAL STANDARDS

Section 285 of the Patent Act provides that a court "in exceptional cases may award reasonable attorney fees to the prevailing party." 35 U.S.C. § 285. Until recently, "the Federal Circuit had limited fee shifting to cases in which the prevailing party demonstrated, by clear and convincing evidence, either (1) litigation misconduct; or (2) that the litigation was both objectively baseless and brought in subjective bad faith." Small v. Implant Direct Mfg. LLC, No. 06 Civ. 683(NRB), 2014 WL 5463621, at *2 (S.D.N.Y. Oct. 23, 2014) (citing Brooks Furniture Mfg., Inc. v. Dutailier Int'l, Inc., 393 F.3d 1378, 1381-82 (Fed. Cir. 2005), abrogated by Octane Fitness, LLC v. ICON Health & Fitness, Inc., 134 S. Ct. 1749 (2014)). That test's first prong required "willful infringement, fraud or inequitable conduct in procuring the patent, misconduct during litigation, vexatious or unjustified litigation, conduct that violates Fed. R. Civ. P. 11, or like infractions." Brooks Furniture Mfg., Inc. v. Dutailier Int'l, Inc., 393 F.3d at 1381. Absent such misconduct, a party could recover fees under the second prong for baseless and bad faith litigation, which was considered an "exacting standard." iLOR, LLC v. Google, Inc., 631 F.3d 1372, 1377 (Fed. Cir. 2011).

The Supreme Court, however, recently roundly rejected the Brooks Furniture test as "overly rigid" and "so demanding that it would appear to render § 285 largely superfluous." Octane Fitness, LLC v. ICON Health & Fitness, Inc., 134 S. Ct. at 1756, 1758.

---

[4] TWW also offers a laundry list of facts it believes show "[t]he issues in this case do not even approach the level of being 'exceptionally meritless . . . .'" Opp. at 6. Most are irrelevant, such as the number of pages of the Court's summary judgment opinion, or the fact that TWW offered an expert supporting its arguments. Id. In any event, the Court disagrees.

The Court held that, under Section 285, "an 'exceptional' case is simply one that stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated." Id. at 1756. "District courts may determine whether a case is 'exceptional' in the case-by-case exercise of their discretion, considering the totality of the circumstances." Id. [5] In exercising that discretion, courts may consider, among other factors, "frivolousness, motivation, objective unreasonableness (both in the factual and legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence." Id. at 1756 n.6. (citation omitted). Finally, the Court held that a prevailing party need only establish its entitlement to fees under Section 285 by a preponderance of the evidence — rather than by clear and convincing evidence as required under Brooks Furniture. Id. at 1758. "[W]here a party has set forth some good faith argument in favor of its position, it will generally not be found to have advanced 'exceptionally meritless' claims." Small v. Implant Direct Mfg. LLC, No. 06 Civ. 683(NRB), 2014 WL 5463621, at *3. Conversely, courts have awarded attorneys' fees under Section 285 where a party advances arguments that are particularly weak and lack support in the record or seek only to re-litigate issues the court has already decided. See Cognex Corp. v. Microscan Sys., Inc., No. 13-CV-2027 JSR, 2014 WL 2989975, at *4 (S.D.N.Y. June 30, 2014).

### III.  DISCUSSION

This Court's claim construction foreclosed any reasonable argument that Intex's mattresses infringed the '469 patent. Put another way, no reasonable litigant would argue that

---

[5]  In a decision issued the same day, the Supreme Court underscored this discretion by holding that "the determination whether a case is 'exceptional' under § 285 . . . is to be reviewed [by a court of appeals] only for abuse of discretion." Highmark, Inc. v. Allcare Health Mgmt. Sys., Inc., 134 S. Ct. 1744, 1748 (2014) (footnote omitted).


The Court held that, under Section 285, "an 'exceptional' case is simply one that stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated." Id. at 1756. "District courts may determine whether a case is 'exceptional' in the case-by-case exercise of their discretion, considering the totality of the circumstances." Id. [5] In exercising that discretion, courts may consider, among other factors, "frivolousness, motivation, objective unreasonableness (both in the factual and legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence." Id. at 1756 n.6. (citation omitted). Finally, the Court held that a prevailing party need only establish its entitlement to fees under Section 285 by a preponderance of the evidence — rather than by clear and convincing evidence as required under Brooks Furniture. Id. at 1758. "[W]here a party has set forth some good faith argument in favor of its position, it will generally not be found to have advanced 'exceptionally meritless' claims." Small v. Implant Direct Mfg. LLC, No. 06 Civ. 683(NRB), 2014 WL 5463621, at *3. Conversely, courts have awarded attorneys' fees under Section 285 where a party advances arguments that are particularly weak and lack support in the record or seek only to re-litigate issues the court has already decided. See Cognex Corp. v. Microscan Sys., Inc., No. 13-CV-2027 JSR, 2014 WL 2989975, at *4 (S.D.N.Y. June 30, 2014).

### III.  DISCUSSION

This Court's claim construction foreclosed any reasonable argument that Intex's mattresses infringed the '469 patent. Put another way, no reasonable litigant would argue that

---

[5]  In a decision issued the same day, the Supreme Court underscored this discretion by holding that "the determination whether a case is 'exceptional' under § 285 . . . is to be reviewed [by a court of appeals] only for abuse of discretion." Highmark, Inc. v. Allcare Health Mgmt. Sys., Inc., 134 S. Ct. 1744, 1748 (2014) (footnote omitted).

Intex's product fit the Court's construction of the term "socket." But TWW refused Intex's proposal to stipulate to non-infringement, while preserving its appeal rights, and instead persisted towards summary judgment. TWW then filed a conclusory expert report and advanced flawed, nonsensical, and baseless arguments, which lacked factual support, seeking only to re-litigate this Court's construction of the term "socket." See supra at 4-5. An open cavity requiring screws clearly does not, as TWW argued at summary judgment, "fit and hold" like a "light bulb socket." Nor could such a fixed pump reasonably be described as "detachably connected," again as TWW argued at summary judgment. In view of the Court's claim construction, such arguments are exceptionally meritless and warrant an award of attorneys' fees pursuant to 35 U.S.C. § 285. See, e.g., Cognex Corp. v. Microscan Sys., Inc., No. 13-CV-2027 JSR, 2014 WL 2989975, at *4.

    The Court is not persuaded by TWW's argument that this Court's original claim constructions of the terms "socket" and "pump body" were ambiguous. Specifically, TWW argues that, at summary judgment, this Court (1) "implicitly altered its [original] construction of 'pump body' to include the requirement of a housing (thereby precluding the housing from being a 'socket')"; and (2) "implicitly modified its [original] construction of 'socket' to include the requirement of holding *in every direction*," the requirement that "the 'fit and hold' requirement cannot be achieved through the use of screws," and "the requirement that 'detachably connected' means via manual effort as opposed to with the aid of a tool." Opp. at 9-10. TWW, however, conflates its disagreement with this Court's claim construction with the existence of ambiguity. There was no ambiguity. Moreover, in its summary judgment Opinion, the Court merely added one additional example of a "socket" with a "fit and hold" connection. That single addition, even if TWW were correct that the claim construction was ambiguous, was not an implicit

7

modification or alteration of the claim construction.  See Reply at 6 (comparing the Court's Opinion on claim construction with its Opinion on summary judgment).

TWW also argues that it is premature for the Court to award attorneys' fees in this case because TWW has appealed both this Court's construction of the term "socket" and its findings of non-infringement.  Opp. at 10-11.  But TWW's pending appeal is irrelevant to whether TWW's infringement arguments at the summary judgment stage were "exceptionally meritless."

## IV.  CONCLUSION

For the foregoing reasons, the Court concludes that this is an exceptional case under 35 U.S.C. § 285 where an award of attorneys' fees is warranted.  It therefore is hereby

ORDERED that Intex's motion for attorneys' fees is GRANTED; it is

FURTHER ORDERED that Intex file a proposed amount for attorneys' fees and costs incurred since November 1, 2013 with detailed supporting documentation by January 23, 2015; and it is

FURTHER ORDERED that the parties propose a schedule for briefing on the reasonableness of Intex's proposed fees and costs, if necessary, on or before January 30, 2015.

SO ORDERED.

/s/_____
PAUL L. FRIEDMAN
United States District Judge

DATE:  January 9, 2015